## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

_____
                                )

**FLAGSTAR BANK, FSB,**             )

               )

          **Plaintiff,**       )

               )

        **v.**               )      **Civil Action No. 2011–046**

               )

**DIGBY R. STRIDIRON and**    )
**MIGDALIA STRIDIRON,**      )

               )

         **Defendants.**     )
_____ )

**Attorneys:**

**A. Jennings Stone, Esq.,**
**Nycole A. Thompson, Esq.,**
St. Thomas, U.S.V.I.
    *For the Plaintiff*

**Renee D. Dowling, Esq.,**
St. Croix, U.S.V.I.
    *For the Defendant Migdalia Stridiron*

## <u>MEMORANDUM OPINION</u>

**Lewis, Chief Judge**

THIS MATTER comes before the Court on Plaintiff Flagstar Bank, FSB's "Motion for Default Judgment Against Digby R. Stridiron and Motion for Summary Judgment Against Migdalia Stridiron," filed on February 15, 2012 (Dkt. No. 22), and the "Renewed Motion for Default Judgment Against Digby R. Stridiron and Renewed Motion for Summary Judgment Against Midgalia Stridiron," filed on October 14, 2013. (Dkt. No. 52). For the reasons discussed below, the Court will grant the Motion and Amended Motion for Default Judgment on the foreclosure claim against Defendant Digby R. Stridiron, and will grant the Motion and Amended Motion for Summary Judgment on the foreclosure claim against Defendant Migdalia Stridiron.

## I. BACKGROUND

On April 29, 2011, Plaintiff Flagstar Bank, FSB ("Plaintiff or "Flagstar") filed a Complaint for Foreclosure against Defendants Digby R. Stridiron and Migdalia Stridiron (collectively, the "Stridirons"). (Dkt. No. 1). The Complaint alleged that, on February 10, 2009, Digby Stridiron executed and delivered to Flagstar a promissory note (the "Note") in which he promised to pay Flagstar the principal amount of $190,000.00 (the "Principal") plus interest at the rate of 6.125% per annum, in monthly installments of $1,154.46 to be paid on the first of each month beginning on April 1, 2009. (Compl. at ¶¶ 7–8, Dkt. No. 1; Note, Dkt. No. 1-2 at 1). As security for the payment of the Note, the Stridirons granted to Mortgage Electronic Registration Systems, Inc. ("MERS") a first-priority mortgage dated February 10, 2009 (the "Mortgage," Dkt. No. 1-3)) encumbering the Property described in the Deed as follows:

> Parcel No. 13-U of Estate Union and Mount Washington, St. Croix, consisting of 0.393 U.S. acres, more or less, as more fully described on Public Works Drawing no. 2591, dated June 6, 1969, and entered in the Office of the Public Works Department, Christiansted, St. Croix.

(the "Property")[1] (Deed, Dkt. No. 1-1; Mortgage, Dkt. No. 1-13 at 1–2). The Mortgage states that MERS is the mortgagee, but that it is acting solely as a nominee for Flagstar and Flagstar's successors and assigns. (Mortgage, Dkt. No. 1-3 at 1). The Mortgage secures to Flagstar the repayment of the sums due under the Note and the performance of the Stridirons' covenants and

---

[1] The Property is described in the Mortgage as follows:

> Plot No. 13-U Estate Union and Mount Washington, East End Quarter "A", St. Croix, U.S. Virgin Islands, consisting of 0.393 U.S. acre, more or less, as more fully shown and described on OLG Drawing No. 2591, dated June 6, 1969, revised June 6, 1974.  APN #: 2-05215-0127-00

(Mortgage, Dkt. No. 1-3, at 2).  The Mortgage further states that the Property "currently has the address of 13U Union & Mt. Washington, Christiansted[,] Virgin Islands, 00820."  (*Id.*).

agreements under the Mortgage and Note. (*Id.* at 2). MERS assigned its interest in the Mortgage to Flagstar on March 10, 2011. (Assignment of Mortgage, Dkt. No. 1-5 at 1).

The Complaint alleges that on or about October 1, 2010, Digby Stridiron defaulted under the terms and conditions of the Note, and that the Stridirons defaulted under the terms and conditions of the Mortgage in that monthly installments of principal and interest became due and were unpaid. (Compl. ¶¶ 11, 12, Dkt. No. 1).  Flagstar further alleges that it provided notice of default to Digby Stridiron in a letter dated November 18, 2010 (Dkt. No. 1-4), but that Defendants remained in default  under the terms of the Note and Mortgage.  (*Id.* ¶ 13–15).

As a result of the default, Flagstar elected that the entire principal with all unpaid accrued interest become immediately due and payable. (*Id.* ¶ 17). The Complaint alleges that as of February 21, 2011, Digby Stridiron owed Flagstar the principal sum of $186,098.69; plus accrued interest from September 1, 2010 to February 21, 2011 in the amount of $5,374.00, which continued to accrue at the rate of $31.23 per diem; plus late charges in the amount of $288.60, for a total amount due of $191,761.29. (*Id.* ¶ 22). In the Complaint, Flagstar brings a debt cause of action against Digby Stridiron (*id.* ¶ 21–26) and a foreclosure cause of action against the Stridirons (*id.* ¶ 27–30).

On August 20, 2011, Migdalia Stridiron filed an Answer to the Complaint, in which she asserted five affirmative defenses: (1) lack of diversity among the parties, as Plaintiff does business in the U.S. Virgin Islands and Migdalia Stridiron is a resident and citizen of the U.S. Virgin Islands; (2) Digby Stridiron is the only signatory on the Note, and thus is solely responsible for the debt; (3) both Defendants are parties to a divorce action filed in 2010 in the Superior Court of the Virgin Islands, in which an Order was entered on December 13, 2010 requiring Digby Stridiron to pay the monthly mortgage and arrears at issue; (4) lack of privity, as

Migdalia Stridiron never entered into a contractual relationship with Flagstar; and (5) Flagstar's alleged damages are the result of the acts or omissions committed by Digby Stridiron, over whom Migdalia Stridiron has no control. (Answer, Dkt. No. 11, at 2–3).

Digby Stridiron has not filed an Answer or otherwise appeared. On August 22, 2011, the Clerk of the Court entered default against him. (Dkt. No. 12).

On February 15, 2012, Flagstar filed a Motion for Default Judgment against Digby Stridiron and a Motion for Summary Judgment against Migdalia Stridiron (Dkt. No. 22), along with an accompanying Memorandum of Law (Dkt. No. 23), Statement of Undisputed Facts (Dkt. No. 25), and Affidavits in Support of the Motions (Dkt Nos. 24, 26). According to the affidavits, the total amount due to Flagstar as of February 1, 2012 was $209,141.62, with interest continuing to accrue at a per diem interest of $31.23 for each day after February 1, 2012 until paid. (Dkt. No. 24 at 3). On September 20, 2012, Flagstar filed a Supplemental Memorandum in Support of Default Judgment and Summary Judgment (Dkt. No. 38), a Supplemental Statement of Undisputed Facts (Dkt. No. 39), and a Declaration in support of counsel's request for attorney's fees and costs and billing records, which stated that, as of that date, the total amount of compensable legal costs was $964.43 and the total amount of legal fees incurred was $7,537.50. (Dkt. No. 40 at 2).

On March 11, 2013, the Court issued an Order directing Defendants to inform the Court by March 25, 2013 as to whether they opposed Flagstar's Motions for Default Judgment and Summary Judgment. (Dkt. No. 43). Defendant Digby Stridiron did not file any response. Defendant Migdalia Stridiron filed an Opposition to Flagstar's Motion for Summary Judgment, arguing that she did not execute a promissory note to Flagstar and that Flagstar did not serve her with notice of default on the Mortgage. (*See* Dkt. No. 45 at 1–2). On June 27, 2013, Flagstar

filed a Reply (Dkt. No. 47) to Migdalia Stridiron's Opposition, along with a "Second Supplemental Statement of Undisputed Facts" (Dkt. No. 48).

On July 8, 2013, Flagstar filed a "Notice of Voluntary Dismissal of Action for Debt," advising the Court that it was dismissing Count One of its Complaint (Action for Debt) against Defendant Digby R. Stridiron pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (Dkt. No. 49).  Pursuant to the Notice, Flagstar stated that it would continue to proceed against both Defendants for foreclosure of the Mortgage. (*Id.*).

The Court held a telephonic status conference with the attorneys for Flagstar and Migdalia Stridiron on October 7, 2013. As a follow-up to the status conference, Flagstar's attorney filed a "Renewed Motion for Default Judgment Against Digby R. Stridiron and Renewed Motion for Summary Judgment Against Migdalia Stridiron" (Dkt. No. 52), along with an updated proposed Judgment, a Third Supplemental Statement of Undisputed Facts (Dkt. No. 53), and an updated Declaration of Counsel in Support of Costs and Fees. (Dkt. No. 54).

## II.  APPLICABLE LEGAL PRINCIPLES

### A.    Default Judgment

In a motion for entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability.  Fed. R. Civ. P. 8(b)(6).  Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party.  *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6).  Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court.  *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).

A motion for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

"(1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the Soldiers' and Sailors' Civil Relief Act."

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 WL 944781, at *2 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

**B.     Summary Judgment**

Summary judgment is proper "where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Nicini v. Morra*, 212 F.3d 798, 805-06 (3d Cir. 2000) (en banc); *see also* Fed. R. Civ. P. 56(a). "Once the moving party points to evidence demonstrating no issue of material fact exists, the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999). The non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or [ ] vague statements." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). To demonstrate that there is a genuinely disputed issue of fact, a party must cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations,

stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or demonstrate that the adverse party failed to prove that there is no question of fact.  Fed. R. Civ. P. 56(c). A factual dispute is deemed genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In reviewing the evidence, the court may not weigh the evidence and must give the nonmoving party the benefit of all reasonable inferences. *Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citations omitted).

To succeed on a foreclosure claim under Virgin Islands law, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *United States v. Springer*, 2013 WL 363681, at *3 (D.V.I. Jan. 24, 2013).

### III. DISCUSSION

### A.     Default Judgment Against Digby R. Stridiron

Flagstar moved for default judgment as to Digby R. Stridiron.  (Dkt. No. 22 at 1; Dkt. No. 52). In support thereof, Flagstar asserts that: Digby Stridiron executed the Note, and the Stridirons executed the Mortgage; Flagstar holds both the Note and Mortgage; Digby Stridiron has defaulted under the terms of the Note and the Stridirons have defaulted under the terms of the Mortgage, including through their failure to make timely payments of principal and interest; Flagstar gave Digby Stridiron proper notice of the default, and he failed to cure that default; Flagstar elected to foreclose on the Property; Digby Stridiron was properly served with copies of the Summons and Complaint, and the Clerk of the Court entered default against him; Digby Stridiron is not an infant or an incompetent, and is not in the military service of the United States.  (Dkt. No. 23 at 5).

7

In view of Flagstar's dismissal of its debt cause of action, Flagstar seeks only foreclosure of the Property. (*See* Dkt. No. 49 at 1–2). Flagstar must satisfy the requirements necessary to obtain a default judgment against Digby R. Stridiron. In this regard, Flagstar has properly shown that: (1) default was entered against Digby Stridiron by the Clerk of the Court (Dkt. No. 12); (2) Digby Stridiron has not appeared; (3) Digby Stridiron is neither an infant nor an incompetent person (Dkt. No. 26, ¶ 7); and (4) Digby Stridiron has been validly served with all pleadings (Dkt. No. 12 at 1; Dkt. Nos. 9, 9-1, 9-2). In addition, Flagstar has properly shown the amount of judgment and how it was calculated (Dkt. Nos. 24, 53), and has provided evidence of Digby Stridiron's non-military service in compliance with the Soldiers' and Sailors' Civil Relief Act. (Dkt. No. 26 ¶¶ 1–7; Dkt. No. 26-1 at 1).

Finally, the Court has considered the *Chamberlain* factors and finds that the prejudice to Flagstar resulting from Digby Stridiron's breach of his contractual obligations, together with the apparent absence of a litigable defense, weighs in favor of the Court granting default judgment. In addition, Digby Stridiron's default was a result of his culpable conduct as evidenced by his refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to the complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint). Consequently, default judgment against Digby Stridiron is appropriate.

## B.      Summary Judgment Against Migdalia Stridiron

Flagstar also moves for summary judgment against Defendant Migdalia Stridiron, arguing that there is no genuine issue of material fact that: the Stridirons executed the Mortgage;

the Stridirons are in default under the terms of the Mortgage; and that Flagstar is entitled to foreclose on the Property. (Dkt. No. 23 at 9–10). In support of its Motion, Flagstar provided an affidavit dated January 17, 2012, entitled "Declarations of Amounts Due," in which Barbara Dore, a Foreclosure Analyst at Flagstar, averred that she was "familiar with the recordkeeping practices of Flagstar, ha[s] reviewed the documents attached to this Declaration, and ha[s] continuing access to these and other business records that may relate to the Loan and the information contained in this Declaration." (Dkt. No. 24). Ms. Dore stated that the total amount due to Flagstar as of February 1, 2012 was $209,141.62, comprised of the following sums: $186,098.69 in unpaid principal balance; $16,147.96 in interest from September 1, 2010 to February 1, 2012; $3,780.24 in escrow advances; $865.80 in accumulated late charges; and $2,248.93 in corporate advances, including $2,136.43 in billed legal costs and fees. (*Id.* at 3). Ms. Dore asserted that interest continued to accrue at a per diem interest of $31.23 for each day after February 1, 2012 until paid. (*Id.*)

In response to the Court's Order dated September 6, 2012 (Dkt. No. 36), Flagstar filed an additional Memorandum (Dkt. No. 38), Supplemental Statement of Undisputed Facts (Dkt. No. 39), and Affidavit (Dkt. No. 40) in support of its request for attorney's fees. In those documents, Flagstar stated that, as of September 20, 2012, the total amount of compensable legal costs was $964.43 and the total amount of legal fees incurred was $7,537.50. (Dkt. No. 38 at 9, Dkt. No. 39 at 3; Dkt. No. 40 at 2).

After the status conference on October 7, 2013, Flagstar filed its Third Supplemental Statement of Undisputed Facts to bring the amounts due current. (Dkt. No. 53). Flagstar explained that the unpaid principal balance was $186,098.69; that the interest from September 1, 2010 to October 31, 2013 amounted to $36,082.43; and that the $17,721.16 in escrow advances

9

consisted of property taxes, hazard insurance, and flood insurance. *Id.* ¶ 2. It also explained how the late charges, totaling $1,847.04, were calculated; and that $436.50 in inspections and property preservation fees had been expended. The total due and owing as of October 31, 2013 is $242,185.82. *Id.* ¶¶ 3-5.

In her Opposition to Flagstar's Motion for Summary Judgment, Migdalia Stridiron argued that she did not execute a promissory note to Flagstar. She also contended that Flagstar did not serve her with notice of default on the Mortgage. Rather, Flagstar served the notice of default only on Defendant Digby Stridiron on November 18, 2010 and that, by that time, she had already separated from him and had filed for divorce.  (Dkt. No. 45 at 1-2).

Defendant Migdalia Stridiron's arguments in opposition to the Motion for Summary Judgment are unavailing. The fact that she did not execute a promissory note to Flagstar is irrelevant, because Flagstar is not seeking recovery of any debt under the Note from her. (*See* Dkt. No. 47 at 5). Indeed, Flagstar no longer seeks recovery of the debt under the Note from either Defendant in this action. (*See* Dkt. No. 49 at 1–2).

Migdalia Stridiron's notice argument also fails. Both of the Stridirons executed the Mortgage, and are defined as the "Borrower" under the Mortgage's terms. (Mortgage, Dkt. No. 1-1 at 1-2). Notice is deemed to have been given to the Borrower by first class mail or when delivered to Borrower's notice address, and "[n]otice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise." (*Id.* at 7).  Defendant Migdalia Stridiron has not pointed the Court to any authority suggesting that, under these circumstances, "[a]pplicable Law expressly requires otherwise."  (*See id.*; *see also* Dkt. No. 45 at 1–3).  She concedes "that the notice of default was served on Defendant Digby Stridiron." (*See* Dkt. No. 45 at 2; *see also* Dkt. No. 1-4). Because notice was properly given to Digby Stridiron,

and because notice to one Borrower constitutes notice to all Borrowers under the terms of the

Mortgage, Migdalia Stidiron's notice argument is without merit.

Flagstar has demonstrated that no issue of material fact exists and that it is entitled to

judgment as a matter of law on its foreclosure claim against Migdalia Stridiron. *See, e.g.*, Dkt.

Nos. 1-1 (Deed); 1-2 (Note); 1-3 (Mortgage); 1-4 (default letters); 1-5 (assignment of Mortgage

by MERS to Flagstar); 24 (Declaration of Amounts Due); 26; 26-1). *Ridgewood Bd. of Educ.*,

172 F.3d at 252. Flagstar has shown that: (1) Digby Stridiron executed the Note (*see* Dkt. No. 1-

2 at 1–3), and both Stridirons executed the Mortgage (*see* Dkt. No. 1-3 at 1, 9); (2) Digby

Stridiron is in default under the terms of the Note, and both Stridirons are in default under the

terms of the Mortgage (*see* Dkt. Nos. 1-4; 24); and (3) Flagstar is authorized to foreclose on the

Property mortgaged as security for the Note (*see, e.g.*, Dkt. Nos. 1-2, 1-3, 24). *See Springer*,

2013 WL 363681 at *3. Accordingly, Flagstar has satisfied the requirements for foreclosure

under Virgin Islands law. *See id.* The Court will therefore grant summary judgment in favor of

Flagstar on its foreclosure claim against Migdalia Stridiron.

### C.    Attorney's Fees

In Flagstar's "Declaration of Amounts Due" affidavit (Dkt. No. 24) accompanying its

Motions for Default Judgment and Summary Judgment (Dkt. No. 22), Flagstar initially claimed

$2,136.43 in billed legal costs and fees, as well as $112.50 in undefined "corporate advances."

(Dkt. No. 24 at 3). On September 6, 2012, the Court ordered Flagstar to submit documents

supporting its claim for attorney's fees. (Dkt. No. 36). In response to that Order, Flagstar filed an

additional Memorandum (Dkt. No. 38), Supplemental Statement of Undisputed Facts (Dkt. No.

39), and Affidavit (Dkt. No. 40). In those documents, Flagstar stated that, as of September 20,

2012, the total amount of compensable legal costs was $964.43 and the total amount of legal fees

incurred was $7,537.50. (Dkt. No. 38 at 9, Dkt. No. 39 at 3; Dkt. No. 40 at 2). Flagstar included

records of its counsel's billing entries.

On October 14, 2013, Flagstar provided an additional Declaration of Counsel in Support

of Costs and Fees through October 14, 2013. The time expended amounted to 48.90 hours, legal

fees incurred totaled $11,840.00 and the total amount of compensable costs remained at $964.43.

(Dkt. No. 54). the same as set for

Title 5 of the Virgin Islands Code, Section 541(b), governs the award of attorney's fees in

the Virgin Islands. The statute states, in pertinent part: "The measure and mode of compensation

of attorneys shall be left to the agreement, express or implied, of the parties . . . ." 5 V.I.C. §

541(b). Under both the terms of the Note and Mortgage, the Bank may recover "reasonable"

attorney's fees. (Note, Dkt. No. 1-2, ¶ 6(e); Mortgage, Dkt. No. 1-3, ¶ 22). The Court will look to

the body of case law interpreting 5 V.I.C. § 541(b) for guidance in assessing what attorney's fees

may be "reasonable." *Cf. Williams v. United Corp.*, 2009 WL 321339, at *2 (V.I. Jan. 7, 2009)

(observing that the inclusion of attorney's fees within the definition of reasonable costs pursuant

to court rule is derived from § 541).

"To determine a fair and reasonable award of attorneys' fees [under § 541(b)], the Court

considers factors including the time and labor involved, skill required, customary charges for

similar services, benefits obtained from the service and the certainty of compensation." *Staples v.

Ruyter Bay Land Partners, LLC*, 2008 WL 413308, at *1 (D.V.I. Feb. 6, 2008) (citing cases).

The Court undertakes a two-step inquiry when examining the reasonableness of

attorney's fees. First, the Court determines whether the hours billed were "reasonably

expended," excluding time billed that is "excessive, redundant, or otherwise unnecessary." *Berne

Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10 (D.V.I. Feb. 3, 2012) (quoting *Pub.

*Interest Research Group of N.J.*, *Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Second, the Court determines whether the hourly rate sought is reasonable, in comparison to prevailing market rates in the relevant community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990); *Loughner v. Univ. of Pittsburgh*, 260 F.3d 173, 180 (3d Cir. 2001); *Berne Corp.*, 2012 WL 369535 at *10.

Here, Flagstar has submitted a "Supplemental Statement of Undisputed Facts" that indicates that Attorney A. Jennings Stone and Attorney Nycole Thompson performed work on this matter. (Dkt. No. 39). Attorney Stone is a Senior Associate and Attorney Thompson is an Associate at the BoltNagi law firm; both bill at an hourly rate of $250.00.  (*Id.* ¶¶ 3–4).  Flagstar also submitted an Affidavit from Attorney Stone titled "Declaration of Counsel in Support of Suppl[e]mental Statement of Undisputed Facts" (Dkt. No. 40), and an accompanying exhibit (Exhibit A) which includes "[t]he work performed by each member of BoltNagi PC in connection with this matter and a list of compensable costs incurred to date." (Dkt. No. 40 ¶ 6). Each billing entry in Exhibit A includes columns for the date the work was performed, the initials of the person who performed the work (Attorney Stone or Thompson), a brief description of the work performed, the time spent and hourly rate, and the total dollar amount billed for each entry. (*See* Ex. A, Dkt. No. 40-1). In his Affidavit, Attorney Stone verified that "the items are correct" and "the services set forth therein were actually and necessarily performed." (Dkt. No. 40 ¶ 6); *see also* Dkt. No. 54..

Having reviewed these entries, the Court finds that not all of the 48.90 hours billed for the legal work on this case was reasonably expended. The records reveal several instances where the time billed was excessive relative to the labor involved. For example, the entry dated

13

November 30, 2011 is for a short "Email to counsel for Migdalia Stridiron regarding upcoming deadline for court ordered mediation." (Dkt. No. 40-1 at 1). The e-mail in question was billed at $62.50 (0.25 hours at $250.00 per hour). The next billing entry—dated December 14, 2011, and again for $62.50—is for a "[t]elephone call to opposing counsel regarding upcoming mediation deadline." (Dkt. No. 40-1 at 1). In this instance, Attorney Stone merely "left a voicemail message for counsel for Stridiron, requesting her availability for mediation." (Motion to Dispense with Mediation ¶ 4, Dkt. No. 19 at 2). Given this description of the communication, the Court does not consider fifteen minutes billed as reasonable. On January 30, 2012, Attorney Stone billed 0.25 hours to "[f]orward offer of settlement to client for review." (Dkt. No. 40-1 at 2). Here too, the Court concludes that fifteen minutes to simply forward a settlement offer was an unreasonable amount of time charged. In fact, only one of the billing entries was for less than 0.25 hours, leaving the Court with the impression that 0.25 hours was the default, minimum billing entry.

The Court finds that the billing for some of the substantive work is unreasonable as well. For example, a September 6, 2012 entry indicates that Attorney Thompson billed 1.25 hours ($312.50) to draft a three-page "Motion for Leave to File Exhibit and Witness Lists Out of Time," in which Flagstar sought the Court's permission to file its exhibit and witness lists approximately two weeks after the deadline, based on the doctrine of "excusable neglect" for an "office calendaring mistake" by Flagstar's counsel. (*See* Dkt. No. 40-1 at 2; Dkt. No. 33 at 1–2). In the Court's view, it is not reasonable to charge Defendants $312.50 to correct a mistake made by Plaintiff's counsel. *See Caribbean Island Adventure*, 2008 WL 783537 at *2; *Berne Corp. v. Gov't of Virgin Islands*, 2012 WL 369535 at *10.

In view of the unreasonableness of certain claimed items of attorney's fees, the Court will reduce the requested attorney's fees from $11,850.00 to $11,300.00. *See, e.g.*, *Good Timez, Inc. v. Phoenix Fire & Marine Ins. Co.*, 754 F. Supp. 459, 464 (D.V.I. 1991) (reducing the claimed attorney's fees to "adequately correct for inefficient, duplicative or unnecessary legal work").

With regard to the second step of the reasonableness inquiry—whether the hourly rate sought is reasonable—Virgin Islands courts "have generally concluded that a reasonable hourly rate in this jurisdiction spans from $125 to $300 per hour." *Anthony on Behalf of Lewis v. Abbott*, 2012 WL 2752154, at *3 (D.V.I. July 9, 2012) (citing cases). The Court therefore concludes that the $250.00 per hour rate charged here is reasonable and falls within the scope of rates for such services.

With regard to costs, under the terms of the Mortgage, the Stridirons agreed to "pay[] all expenses incurred in enforcing this Security Instrument. . ." (Dkt. No. 1-3, ¶ 19). The Court infers that in order for costs to be reimbursed, they must be reasonable. *Cf. Lewis v. Mazda Motor of Am.,* 2012 U.S. Dist. LEXIS 180222, at *7 (D.V.I. Dec. 20, 2012) (awarding reasonable costs in discovery dispute); *Galt Capital, LLP v. Seykota*, 2007 WL 4800135, at *3 (D.V.I. Dec. 20, 2007) (opining that Virgin Islands fee-shifting statute governing the award of attorney's fees and costs permits reimbursement for reasonable fees and costs). The Bank is seeking reimbursement of $964.43 for the following costs: title search, recording fees, on-line search on Accurint (People/Business search), filing fees, certified documents, and process server. (Dkt. No. 40-1 at 3-4). The Court finds that these costs incurred are reasonable, and pursuant to the plain language of the Mortgage contract, will award costs in the amount of $964.33.

## IV. CONCLUSION

Flagstar has demonstrated that it is entitled to default judgment on its foreclosure claim against Defendant Digby R. Stridiron. Accordingly, the Motion and Amended Motion for Default Judgment as to Digby R. Stridiron will be granted with respect to Count Two of Plaintiff's Complaint for foreclosure of the Mortgage. (Dkt. Nos. 22, 52).

Flagstar has also shown that it is entitled to summary judgment on its foreclosure claim against Defendant Migdalia Stridiron. Accordingly, the Motion and Amended Motion for Summary Judgment as to Migdalia Stridiron will be granted. (Dkt. Nos. 22, 52).

The Court will award attorney's fees of 11,300.00 and costs of $964.43.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date:   October 31, 2013                         _____/s/_____
                                                 WILMA A. LEWIS
                                                 Chief Judge